Rand v Finger Lakes Premier Props., Inc. (2021 NY Slip Op 05410)





Rand v Finger Lakes Premier Props., Inc.


2021 NY Slip Op 05410


Decided on October 8, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, TROUTMAN, AND BANNISTER, JJ.


313 CA 20-00843

[*1]JAMES W. RAND, PLAINTIFF-RESPONDENT,
v
FINGER LAKES PREMIER PROPERTIES, INC., ET AL., DEFENDANTS, AND VALERIE MARTINI, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






BARCLAY DAMON LLP, ROCHESTER (TARA J. SCIORTINO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
HANDELMAN, WITKOWICZ & LEVITSKY, LLP, ROCHESTER (MARTIN S. HANDELMAN OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Yates County (Jason L. Cook, A.J.), entered March 16, 2020. The order denied the motion of defendant Valerie Martini for summary judgment dismissing the amended complaint against her. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the amended complaint against defendant Valerie Martini is dismissed.
Memorandum: Plaintiff commenced this negligence action seeking damages arising from the destruction by accidental fire of his cottage on Keuka Lake in Yates County. He sued his neighbors, defendants David Binkowski and Karen Binkowski, on whose property the fire allegedly started before it spread across the yard to plaintiff's cottage, and also sued their adult son, defendant Steven Binkowski. Plaintiff further sued defendant Valerie Martini, who rented the Binkowski property in the days before the fire occurred, and defendant Finger Lakes Premier Properties, Inc. (Finger Lakes), the management company used by the Binkowskis to rent their property. Following discovery, Martini and the remaining defendants separately moved for summary judgment dismissing the amended complaint against them. In appeal No. 1, Martini appeals from an order denying her motion. In appeal No. 2, the Binkowskis and Finger Lakes (collectively, defendants) appeal from an order denying their motion.
According to plaintiff, the fire started on the Binkowskis' lawn after Steven dumped the remains of a portable fire pit on the ground. Plaintiff's cottage caught fire late in the afternoon the following day. Martini and her friends used the fire pit during her stay at the Binkowski property, which ended the day before the fire and on the day Steven arrived at the property. Martini, however, testified at her deposition that she and her friends extinguished the fire in the pit after each use and then poured water from a hose into the pit before leaving the Binkowski property.
Plaintiff's theory is that, unbeknownst to Steven, the contents of the fire pit were still hot when he dumped them on the ground, and a burning ember reached a bale of hay on the Binkowski property, causing the hay to smolder. The smoldering hay bale later ignited into flames, which then spread over the ground to plaintiff's property.
Addressing first appeal No. 2, we reject defendants' contention that Supreme Court erred in denying their motion. Even assuming, arguendo, that defendants met their initial burden of establishing entitlement to judgment as a matter of law (see Winegrad v New York Univ. Med. Ctr ., 64 NY2d 851, 853 [1985]), we conclude that plaintiff's submission of the affidavit of his expert raised a triable issue of fact sufficient to defeat summary judgment (see generally Zuckerman v City of New York , 49 NY2d 557, 562 [1980]). Plaintiff's expert conducted an investigation of the fire and concluded that it was highly likely that the ashes or embers admittedly dumped on the ground by Steven "contained smoldering residue a portion of which came in contact with an adjacent hay bale causing the hay to smolder," that the smoldering hay bale was later ignited by oxygen from strong winds, and that the fire then spread to plaintiff's property. In our view, whether the fire started in the manner suggested by plaintiff's expert is an issue of fact to be resolved at trial.
In appeal No. 1, we reach a different conclusion with respect to Martini. Negligence is defined as the "lack of ordinary care," or a "failure to use that degree of care that a reasonably prudent person would have used under the same circumstances" (PJI 2:10; see Saarinen v Kerr , 84 NY2d 494, 501 [1994]). Here, Martini met her initial burden of establishing that she was not negligent as a matter of law even if, as plaintiff alleges, she failed to completely extinguish the contents of the fire pit before departing the premises, and plaintiff failed to raise a triable issue of fact in opposition (see generally Zuckerman , 49 NY2d at 562). We note that the fire pit was made of metal and was self-contained, and Martini had no reason to believe that someone would later dump its contents on the ground. We thus conclude that the court erred in denying Martini's motion for summary judgment dismissing the amended complaint against her.
Entered: October 8, 2021
Ann Dillon Flynn
Clerk of the Court